**Order filed April 12, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00163-CR
_____

### EX PARTE WILLIE JANE POLDO

On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Cause No. 35627

## ORDER

Appellant is appealing the denial of an application for a writ of habeas corpus. On March 14, 2022, the trial court clerk filed the clerk's record, which did not contain a certification of appellant's right to appeal. *See* Tex. R. App. P. 25.2(a)(2), 34.5(a)(12); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d); *Dears*, 154 S.W.3d at 613. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure instructs the trial court to enter a certificate of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order*.

Tex. R. App. P. 25.2(a)(2) (emphasis added). This includes the entry of an order on a defendant's application for writ of habeas corpus. *See Ex parte Vazquez*, No. 3-19-00885-CR, 2019 WL 6972681 (Tex. App.—Austin Dec. 20, 2019, no pet.) (order).

We order the trial court to execute a certification of appellant's right to appeal and direct the trial court clerk to prepare and file a supplemental clerk's record containing the certification with this court within **30 days** of the date of this order. *See* Tex. R. App. P. 34.5(c)(2), 37.1, 44.4; *Vazquez*, 2019 WL 6972681 at *1.

PER CURIAM

Panel Consists of Justices Wise, Poissant and Wilson.